IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD GRAZIANO, | : | Civil No. 1:23-CV-00947 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court is a motion to compel filed by Plaintiff Edward Graziano. For the following reasons, the court will deny the motion to compel.

### **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, an inmate currently housed at the State Correctional Institution Benner ("SCI-Benner") in Bellefonte, Pennsylvania, initiated this action by filing a complaint under 42 U.S.C. § 1983 in February of 2024. (Doc. 1.) The parties are currently engaging in discovery. In the August 20, 2025 case management order, the court directed Defendants to provide Plaintiff with "all incident reports, grievances, disciplinary reports, or other similar documents in its possession concerning the alleged incident or incidents and all medical records in its possession regarding Plaintiff that relate to the claims in the complaint" by September 19, 2025. (Doc. 80.) On September 17, 2025, Defendants' counsel filed a certificate of service stating they provided Plaintiff with grievances, inmate

1

request forms, maintenance work order, documents regarding the COVID pandemic and procedures, and medical records. (Doc. 87.)

On December 16, 2025, Plaintiff filed a motion to appoint counsel and a discovery master. (Doc. 93.) That same day, he filed a motion to compel, seeking sanctions, and seeking to strike Defendants' objections and answers. (Doc. 95.) Specifically, Plaintiff is asking the court to order Defendants to produce "the complete record or the missing portions of, the grievances they provided Plaintiff and all relevant contact trancing reports (to be produced in paper or document format), and Plaintiff's complete medical records from July 1, 2021 to the present."[1] (Id.) Additionally, Plaintiff seeks to strike Defendants' general objections included with their response to Plaintiff's discovery requests and Defendants' answers to paragraphs 6 through 26 "so that those requests can be addressed through Plaintiff's formal discovery requests." (Id.) Plaintiff also seeks a stay in the case pending the court's disposition of this motion and accompanying motions for appointment of counsel and discovery master. (Id.)

On December 18, 2025, the court entered an order denying his motion for appointment of counsel and a discovery master and ordered Defendants to respond to the motion to compel. (Doc. 97.)

---

[1] It appears that Plaintiff was not provided medical records from April of 2022 to the present. (Doc. 96, p. 5.)

2

Defendants filed a brief in opposition on December 30, 2025. (Doc. 99.) Plaintiff has not filed a reply.

### STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3rd Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case."). As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Find Paper Antitrust Litg.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the

information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

## DISCUSSION

Plaintiff makes three requests in his motion to compel: (1) he argues that Defendants have failed to comply with the court's case management order and should face sanctions; (2) he seeks to have the general objections to the production of documents stricken; and (3) he seeks to have the responses to paragraphs 6 through 26 stricken. (Doc. 95.)

### A. Defendants Complied with the Case Management Order and Plaintiff's Request for Sanctions Will Be Denied.

Plaintiff is adamant that Defendants' lack of production runs afoul of the court's August 20, 2025 case management order. (Doc. 95; Doc. 96, pp. 4–11.)[2] Specifically, Plaintiff states that they did not produce the full set of relevant grievances but excluded several appeals of the grievances produced and omitted several grievances. (Doc. 96, pp. 4–5.) He also objections to the format of the grievance materials and instead requests a single page spreadsheet organized to his specifications. (*Id.*, p. 9.) Additionally, Plaintiff states that they did not produce

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

4

the full set of medical records by failing to produce records from April 2022 to the present. (*Id*., pp. 7–9.) Additionally, Plaintiff argues that they should have produced all the contract tracing records applicable to SCI-Camp Hill. (Doc. 95.)

Plaintiff lists multiple grievance documents that were excluded from the original production of materials. (Doc. 95, p. 5.) Defendants argue that they produced all the relevant material and any additional material Plaintiff wishes to review is available for inspection and copying from the institution in which he is currently housed. (Doc. 99, p. 5.) The court's case management order qualified the production of records as "that related to the claims in the complaint." (Doc. 80.) This leaves the extent of the automatic discovery at the initial discretion of the Defendants with the expectation that Plaintiff make requests for anything not initially produced. Therefore, absent evidence that Defendants acted in bad faith, the court cannot find that Defendants violated the automatic discovery portion of the case management order.

Regardless, Plaintiff is requesting the production of the outstanding grievance documents set forth in his motion to compel. (Doc. 96, p. 5.) Defendants do not raise any objections to the production of these grievances and provide instruction on how he can gather them himself through a request to the institution where he is housed. (Doc. 99, p. 6.) Therefore, the motion to compel will be denied.

The court comes to the same conclusion concerning the medical records from April 2022 through the present. Plaintiff can gather these records through a request to the institution where he is housed. (Doc. 99, p. 6.)

As to Plaintiff's argument that the court's case management order includes the requirement that Defendants produce contract tracing records, Defendants state that no such records exist. (Doc. 99, p. 7.) "It is an obvious truism that a court should not enter an order compelling a party to produce documents where the documents do not exist." *Wells v. JPC Equestrian, Inc.*, No. 3:13-CV-2575, 2014 WL 5641305, *4 (M.D. Pa. Nov. 4, 2014) *citing Taylor v. Harrisburg Area Comm. Coll.,* 2013 WL 6095481 (M.D. Pa. Nov.20, 2013). Therefore, the court will deny this request as well.

The court notes that Plaintiff argues that the production of documents concerning the COVID-19 protocols were irrelevant. (Doc. 95.) Plaintiff is allowed to disregard information he finds to be irrelevant to his claims. The production of these documents does not violate the court's case management order.

The court finds that Defendants did not violate the case management order. Therefore, there are no grounds for sanctions. Plaintiff's motion to compel will be denied.

### B. Defendants' General Objections Will Not be Stricken.

Defendants included a preliminary statement and general objections as a precursor to their response to Plaintiff's request for production of documents. (Doc. 96-5.)  Plaintiff seeks to have these general objections stricken. (Doc. 95.)

The Third Circuit has stated the following about general objections:

> The Federal Rules do not prohibit general objections, but if the general objection is interposed in an attempt to insulate from discovery a large quantity of material that includes otherwise discoverable material when only some of the material may be protectible, the objection is inconsistent with the aim of discovery and may well be the subject of sanction.

*Grider v. Keystone Health Plain Central, Inc.*, 580 F.3d 119, 139–40 (3d Cir. 2009).  Here, Defendants addressed each specific request for production of documents following the general objections. (Doc. 96-5.)  Nothing in the general objections demonstrates that Defendants raised them in an attempt to insulate any discoverable material.  Instead, it serves as an introduction to the specific responses. (Doc. 96-5, pp. 1–2.)  Therefore, Plaintiff's request will be denied.

### C. Defendants' Responses to Paragraphs 6 Through 26 Will Not Be Stricken.

Plaintiff requests that Defendants' answers in paragraphs 6 though 26 be stricken "so that those requests can be addressed through Plaintiff's formal discovery requests." (Doc. 95, p. 4.)  Here, Plaintiff's intention is unclear.  He appears to be objecting to the fact that Defendants answered his request for

production in paragraphs 6 through 26 stating repeatedly that he had sent a letter on October 24, 2025 requesting that Defendants ignore paragraph 6 through 26. (Docs. 96, 96-4.)  Then, Plaintiff uses ten pages in his brief in support arguing against the objections set forth in the Defendants' responses to paragraphs 6 through 56.  (Doc. 96, pp. 15–25.)  However, the motion itself does not request production of the documents addressed in paragraphs 6 through 26, but seeks that the responses be stricken.  Therefore, the court finds that the court need not take an action as to these requests.

## CONCLUSION

For the reasons set forth above, the court will deny Plaintiff's motion to compel.  However, this denial will be made without prejudice as Plaintiff may renew his motion if he is unable to gather the grievances and medical records from the institution at which he is housed, or if he intends to seek the production of documents in paragraphs 6 through 26 and subsequent discovery requests do not prove fruitful.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: February 9, 2026