**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

EDWARD GRAZIANO,            :     Civil No. 1:23-CV-00947

        Plaintiff,          :

        v.              :

JOHN WETZEL, *et al.*,       :

        Defendants.     :     Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

Pending before the court are seven motions to compel and one motion for leave to depose 21 inmates filed by Edward Graziano ("Plaintiff").  (Docs. 116, 117, 120, 121, 124, 131, 135, 136.)  While the court will address the merits of Plaintiff's motions, it appears that he is not conferring with defense counsel to resolve discovery disputes before filing motions to compel.  Instead, Plaintiff is using the motion to compel as a tool to clarify requests that he thinks Defendants have misunderstood, to continue to request evidence that does not exist, and to pursue claims not raised in the operative complaint in this action.  The court will deny Plaintiff's motions, and will not consider any further motion to compel unless the parties verify that they have participated in good faith in a discovery conference.

1

## BACKGROUND

Plaintiff, an inmate currently housed at the State Correctional Institution Benner ("SCI-Benner") in Bellefonte, Pennsylvania, initiated this action by filing a complaint under 42 U.S.C. § 1983 in February of 2024. (Doc. 1.) The parties are currently engaging in discovery. In the August 20, 2025 case management order, the court directed Defendants to provide Plaintiff with "all incident reports, grievances, disciplinary reports, or other similar documents in its possession concerning the alleged incident or incidents and all medical records in its possession regarding Plaintiff that relate to the claims in the complaint" by September 19, 2025. (Doc. 80.) On September 17, 2025, Defendants' counsel filed a certificate of service stating they provided Plaintiff with grievances, inmate request forms, maintenance work order, documents regarding the COVID pandemic and procedures, and medical records. (Doc. 87.)

On December 16, 2025, the court received and docketed Plaintiff's motion to compel and brief in support. (Docs. 95, 96.) Following Defendants' response, the court entered an order denying the motion to compel. (Docs. 99, 104, 105.)

Following a status conference in March of 2026, the court entered an amended case management order extending the fact discovery deadline to July 31, 2026. (Doc. 113.) On March 31, 2026, Plaintiff filed his first motion to compel discovery challenging the responses provided by Defendant Cantando to Plaintiff's

2

requests for admissions, requests for production, and interrogatories and seeking

sanctions.  (Doc. 116.)[1]  Defendants filed a brief in opposition to the motion to

compel.  (Doc. 119.)

On April 6, 2026, Plaintiff filed his second motion to compel challenging the

responses provided by Defendant Harry to Plaintiff's requests for production,

interrogatories, and requests for admissions.  (Doc. 117.)[2]  Defendants filed a brief

in opposition to the motion to compel.  (Doc. 122.)

On April 14, 2026, Plaintiff filed his third motion to compel challenging the

responses of Defendant Nicklow to a request for admissions.  (Doc. 120.)[3]

Defendants filed a brief in opposition.  (Doc. 123.)

Also, on April 14, 2026, Plaintiff filed a motion for leave to depose 21

inmates.  (Doc. 121.)

On April 20, 2026, Plaintiff filed his fourth motion to compel renewing the

motion to compel filed in December of 2025.  (Doc. 124.)  Plaintiff filed a brief in

---

[1] Plaintiff's March 31, 2026 motion to compel is not supported by a brief in support as required under Local Rule 7.6.  However, since Plaintiff included his argument in his motion to compel, the court construes it as a motion and brief consolidated into a single document.

[2] Again, Plaintiff did not file a brief in support of his motion as required by Local Rule 7.6.  However, since the motion contains his arguments, the court construes it as a motion and brief consolidated into a single document.

[3] For a third time, Plaintiff did not file a brief in support of his motion as required by Local Rule 7.6.  However, since the motion contains his arguments, the court construes it as a motion and brief consolidated into a single document.

support of his motion on April 22, 2026.  (Doc. 126.)  Defendants filed a brief in opposition.  (Doc. 127.)

On June 5, 2026, Plaintiff filed his fifth motion to compel discovery also challenging the responses by Defendant Nicklow in the second set of interrogatories.  (Doc. 131.)  Plaintiff filed a brief in support of his motion.  (Doc. 132.)  Defendants filed a brief in opposition to Plaintiff's motion on June 18, 2026. (Doc. 133.)

On June 24, 2026, the court received and docketed motions to compel discovery from Defendants Kendall and Ross Miller.  (Docs. 135, 136.)  There are currently no briefs filed in support of these motions.

The court will now address the pending motions.

## STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within the scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at \*2 (3rd Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case.").  As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted."  *Pearson v.*

4

*Miller*, 211 F.3d 57, 65 (3d Cir. 2000).  A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.  *In re Find Paper Antitrust Litg.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a).  The moving party must demonstrate the relevance of the information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.  *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

## DISCUSSION

### A. Plaintiff's First Motion to Compel Will Be Denied.

Plaintiff's first motion to compel challenges Defendant Cantando's responses to requests for admissions, requests for production, and interrogatories. (Doc. 116.)  It also asks the court to impose sanctions against Defendant Cantando. (*Id*.)

Plaintiff requested multiple documents including the shift roster during August 2021 and January 2022, all electronically sored information of his internet and intranet activity from SCI-Camp Hill computers during August 2021 and January 2022, and the days he was assigned to post at specific locations.  (Doc. 116-1.)  Defendant Cantando responded to these requests for production by stating that he was no longer employed by the DOC and does not have access to the requested information.  (*Id*., p. 12.)[4]  "It is an obvious truism that a court should not enter an order compelling a party to produce documents where the documents do not exist."  *Wells v. JPC Equestrian, Inc.*, No. 3:13-CV-2575, 2014 WL 5641305, *4 (M.D. Pa. Nov. 4, 2014) *citing Taylor v. Harrisburg Area Comm. Coll.,* 2013 WL 6095481 (M.D. Pa. Nov.20, 2013).  If Defendant Cantando is not in possession of the requested documents, he cannot produce them.  Plaintiff argues that the attorney for Defendant Cantando is the same attorney representing other Defendants who have access to the requested documents.  (Doc. 116, p. 9.)  However, Federal Rules of Civil Procedure require that the party to whom the discovery request is directed toward is the individual who must respond.  *See* Fed. R. Civ. P. 33(b)(1)(A); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36.  Therefore, the motion to compel will be denied as to the production of documents.

---

[4] For ease of reference, the court uses the page numbers from the ECF/CM header.

6

Plaintiff also challenges the objections raised by Defendant Cantando that the remaining fourteen requests for production were overly broad. (Doc. 116.) However, Plaintiff has not demonstrated the relevance of his requests. (*Id.*) Instead, Plaintiff has simply restated the claims made in the complaint. The sole exception is that Plaintiff is seeking all information concerning why Defendant Cantando is no longer employed by the DOC because his termination of employment could be due to the alleged investigation into his allegedly false vaccination card. (*Id.*, p. 11.) That is a valid argument, but in light of Defendant Cantando's responses to interrogatories, one of which is discussed in the next paragraph, it seems there are no documents to produce responsive to this request. Therefore, the motion to compel will be denied as to the document production requests.

Turning to Plaintiff's request for evidence concerning the termination of Defendant Cantando's employment with the DOC, Defendant Cantando objected to this question stating that the requested information is irrelevant and not related to the claims presented in the operative pleading. (Doc. 116-1, p. 30.) In his response to interrogatories, Defendant Cantando states he was vaccinated, states that he provided a valid vaccine card to the DOC, and denies that he was questioned or investigated concerning the validity of his vaccine card. (Doc. 116-1, pp. 13–14.) Defendant Cantando argues that he "do[es] not have any responsive

information or records to provide relative to an investigation into the validity of the card." (Doc. 119, pp. 7–8.)  Again, the court cannot order production of evidence that does not exist.  Therefore, the motion to compel shall be denied as to this final element.

Since the motion to compel will be denied, the court will likewise deny the request to impose sanctions against Defendant Cantando.

**B. Plaintiff's Second Motion to Compel Will Be Denied.**

Plaintiff's second motion to dismiss concerns the discovery requests made to Defendant Harry.  (Doc. 117.)

As set forth above, the moving party must demonstrate the relevance of the information sought to a particular claim or defense prior to the burden shifting to the opposing party.  *Goodman*, 553 F. Supp. at 258 (E.D. Pa. 1982).  Plaintiff has not provided the relevance of the evidence sought in his motion to compel responses to the Request for Production One, numbers two, three, and seven, and Interrogatory numbers one and eight.  (Doc. 117, pp. 11–13.)  Therefore, the motion to compel will be denied as to these discovery requests.

Turning to the remaining requests, Plaintiff seeks production of Request for Production One, request one for any and all verbal and written grievances, complaints or other reports or documents received by staff at SCI-Camp Hill from inmates at SCI-Camp Hill during August 2021 and April 2022 concerning a

8

disregard and or deviation from COVID-19 mitigation protocols and guidelines set forth by the DOC, Department of Health, or Center for Disease Control, and any memoranda, investigative files, or other documents. (Doc. 117-1.) Defendant Harry responded to the request by objecting on two grounds: (1) the request is overly broad, unduly burdensome, and not proportional to the needs of the case; and (2) Department policy prohibits inmates from processing documents pertaining to other inmates. (Doc. 171-2, p. 3.) Plaintiff states this requested information is relevant to support his assertions that SCI-Camp Hill deviated materially from the DOC's COVID-19 mitigation protocols. (Doc. 117, p. 11.)

A to the request that Defendants produce all grievances and complaints concerning the violation of COVID-19 protocols, this court has repeatedly rejected requests for production of all grievances or complaints filed by inmates or staff pertaining to named defendants. *See Torres v. Harris*, No. 4:17-CV-1977, 2019 WL 265804, *4 (M.D. Pa. Jan 18, 2019) (summary of district cases). Therefore, this court will follow its past practice and deny Plaintiff's motion to compel as to this evidence.

Next, Plaintiff seeks production of Request for Production One, request four for SCI-Camp Hill's quarantine plans, implementing Central Office's direction regarding quarantine protocols. (Doc. 117, pp. 1, 12.; Doc. 117-1, pp. 1–2.) Defendant Harry objected, stating that the request is duplicative of a prior request

9

to which Defendants had previously responded to on November 6, 2025.  (Doc. 114-2, p. 4.)  Plaintiff states that this outstanding evidence is relevant to support his assertions that "Defendant Voorstad did not treat his symptoms of COVID-19 or to test him for COVID-19, and finally tested and quarantined a week later."  (Doc. 117, p. 12.)  Plaintiff argues that the request for production is not duplicative because he was previously provided a copy of the Central Office's quarantine protocols, not SCI-Camp Hill's implementation of those quarantine protocols. (*Id*.)  Defendant Harry explains that the Central Office's policies and procedures were implemented within all institutions, including SCI-Camp Hill and argues that Plaintiff's assertions that Dr. Voorstad did not follow the protocols set in place by the Central Office has no bearing on Defendant Harry's answer.  (Doc. 122, p. 6.) The court will deny Plaintiff's motion to compel SCI-Camp Hill's quarantine plans as this information has already been provided to Plaintiff in the form of the Central Office's quarantine protocols.

Next, Plaintiff seeks production of "[any] and all of SCI-Camp Hill's available grounds, religious services and activities for general population status inmates, in effect during August 2021 and March 2022."  (Doc. 117, pp. 1, 12; Doc. 117-1, p. 2.)  Defendant Harry objected to this request as overly broad and not proportional to the needs of the case, "insofar as it seeks detailed information contained within unidentified documents in various forms."  (Doc. 117-2, p. 4.)

10

Plaintiff states that the evidence is relevant to support his equal protection claim and in support of his assertions that SCI-Camp Hill failed to make the provisions, such as weekly chaplain rounds, religious videos etc., available to unvaccinated inmates. (Doc. 117, p. 12.) Defendant Harry explains that Plaintiff has been informed that vaccinated inmates were permitted to attend religious services in person and unvaccinated inmates were not permitted attend religious services in person. (Doc. 122, p. 6.) Considering the broad nature of the request and the ability of Plaintiff to make a more specific request following the discovery that has been provided thus far, the court will deny the motion to compel as to this evidence.

Next, Plaintiff seeks to compel a response to Request for Production One, request six for Defendant Harry's work attendance sheets. (Doc. 117, pp. 2, 12–13; Doc. 117-1, p. 2.) Defendant stated that the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence and that his regular working hours during this time were Monday through Friday from 8:00 a.m. to 4:30 p.m. (Doc. 117-2, p. 5.) Plaintiff argues that this evidence is relevant because he alleges that he brought his complaints to Defendant Harry practically every time she toured the unvaccinated housing unit. (Doc. 117, pp. 12–13.) The court will deny the motion to compel this evidence because the request is overly

broad.  Plaintiff can gather the information he is seeking by requesting a list of dates where Defendant Harry toured the unvaccinated housing unit.

Next, Plaintiff challenges the response to first set of interrogatories, request nine, which is a request to identify the general population and diagnostic and classification designated housing units at SCI-Camp Hill that offered the inmates free cable services during August 2021 and April 2022.  IDoc. 117-1, p. 3.) Defendants objected stating that this was duplicative of a prior request provided on November 6, 2025.  (Doc. 117-2, pp. 8–9.)  Plaintiff states that this request is not duplicative but that the information is relevant because after the COVID-19 free cable was withdrawn in October of 2021, SCI-Camp Hill was providing loaner TVs with free cable services to inmates undergoing classification but not unvaccinated inmates.  (Doc. 117, p. 114.)  Defendants state that the recorded religious videos were aired on the inmate channel, free of charge, and available on the dayroom television that was accessible to the inmates housed on the unvaccinated unit.  (Doc. 122, p. 8.)  Plaintiff's second amended complaint alleges the lack of free cable services prevented him from watching religious services. (Doc. 54, pp. 37–40.)  Reviewing the motion to compel, it appears that Plaintiff is attempting to prove that the lack of cable itself violated his equal protection rights. (Doc. 117, p. 14.)  This is not the claim made in the second amended complaint,

which clearly alleges that the lack of access to religious videos violated his equal protection.  Therefore, the motion to compel will be denied as to this evidence.

Next, Plaintiff seeks production of the evidence requested in the second set of interrogatories, number 4, which asks whether contact tracing was done in his case following his positive COVID-19 test on January 11, 2022.  (Doc. 117, p. 6.) Defendant Harry objected stating that the request was duplicative and "written contact tracing documentation does not exist for the requested time period."  (Doc. 117, p. 7.)  Plaintiff argues that the request is not duplicative because the previous request for was all contact tracing forms, and in this request, he is only seeking *his* contact tracing information.  (Doc. 117, p. 14.)  Plaintiff argues that the information is relevant because the second amended complaint alleges that contact tracing was not performed in violation of policy.  (Doc. 117, pp. 14–15.)  He argues that Defendant Harry should be compelled to verify whether contact tracing was performed.  (*Id.*)  However, Defendant Harry states that he was not personally involved in contact tracing and no contact tracing forms exist, so Plaintiff is asking the court to compel evidence from Defendant Harry that is not in Defendant Harry's possession or within his knowledge.  As such, the motion to compel will be denied.

Next, Plaintiff seeks production of the evidence requested in the second set of interrogatories, number five, which asks how SCI-Camp Hill ensured that the

inmate general population knew or were made aware of recorded religious services that were broadcasting on the inmate channel, and of the airing schedule.  (Doc. 117, p. 6.)  Defendant Harry stated that the request was not reasonably related to any of the claims presented in the second amended complaint as there are no allegations that Plaintiff was unaware of when the religious videos were aired or was otherwise precluded from viewing the videos in the dayroom.  (Doc. 117, p. 7.)  Plaintiff argues that the information is relevant because he grieved that he was precluded from the dayroom.  (Doc. 117, p. 15.)  However, these allegations were not in the second amended complaint.  (Doc. 54.)  The court is limited to considering the claims raised in the operative pleadings.  As such, the court will deny the motion to compel.

Next, Plaintiff seeks production of the evidence requested in the second set of interrogatories, number six, which asks whether and how direction was provided to staff at SCI-Camp Hill during August 2021 and March 2022 instructing them to enable  inmates housed on I/B block or any other housing unit, to view the recorded religious services broadcast on the intimate channel through the dayroom TV.  (Doc. 117, p. 6.)  Defendant Harry stated that the request is not reasonably related to any of the claims presented in the second amended complaint as there were no allegations that Plaintiff was precluded from viewing the videos in the dayroom.  (Doc. 117, p. 7.)  Again, there are no allegations that Plaintiff was

precluded from the dayroom in the amended complaint.  (Doc. 54; Doc. 117, pp. 15–16.)  For the same reasons as set forth above, the court will deny the motion to compel.

Next, Plaintiff seeks production of the evidence requested in the second set of interrogatories, number nine, which asks Defendant Harry to state whether allowing inmates to view recorded religious services videos through dayroom TVs violated faith-neutrality principles applicable to communal areas.  (Doc. 117, p. 6.) Defendant Harry objected to the request stating that it was vague and stating that "religious were made available on the inmate channel at SCI-Camp Hill in conformity with direction from the Department's Central Office and policies in place at the time."  (Doc. 117, p. 7.)  Again, Plaintiff points to allegations made in a grievance and not the complaint as the relevance for this request.  (Doc. 117, p. 16.)  The court is limited to the claims raised in the operative pleading.  Therefore, it will deny the motion to compel as to this evidence.

Next, Plaintiff seeks production of the evidence requested in the second set of interrogatories, question ten, which asks Defendant Harry to state why he decided to not provide unvaccinated inmates housed in the I/B block free cable services after the DOC ended the free cable services statewide in October of 2021. (Doc. 117, p. 6.)  Defendant Harry responded with "at various point during the COVID-19 pandemic, the institution implemented the Department's Central

15

Office's direction to provide inmates with free cable services.  However, institutional staff did not authorize the provision of free cable services in October of 2021 or any other time." (Doc. 117, p. 7.)  With respect to relevance, Plaintiff again cites to the allegations made in a grievance and not in the operative complaint.  (Doc. 117, pp. 16–17.)  Therefore, the court will deny the motion to compel.  Furthermore, Defendant Harry answered the question posed to him.  If Plaintiff wanted to clarify his question, the appropriate means to do so is through further discovery requests and not through a motion to compel.

Next, Plaintiff seeks to compel evidence in response to Request for Admission, question six, which requests Defendant Harry admit that during August 2021 and January 2022, television sets with cable services were provided to inmates who were unclassified or undergoing classification at the facility's expense.  (Doc. 117, p. 8.)  Defendant Harry objected to this request stating the requested admission was not reasonably related to the claims presented in the operative complaint.  (Doc. 117, p. 10.)  Again, Plaintiff cites to grievances and exhibits that are not attached to the operative complaint to explain the relevance of the requested evidence.  (Doc. 117, p. 17.)  The operative complaint makes no claim that cable services were provided to any specific group of inmates and not others.  (Doc. 54.)  Therefore, the court will deny the motion to compel.

Next, Plaintiff seeks to compel evidence in response to Request for Admission, question nine, which asks Defendant Harry to confirm the documents attached to his final appeal of grievance number 945184 and provided a summary of allegations made in the documents.  (Doc. 117, p. 8.)  Defendant Harry admitted in part and denied in part, stating that Plaintiff submitted grievance number 945184 with 17 declarations, but denied that the subject of the grievance concerned unit staff's refusal to permit inmates to view recorded religious videos.  (Doc. 117, p. 10.)  Defendant Harry clarifies that the grievance concerned Plaintiff's request for "cost-free view  access to the religious videos," following the cessation of the free cable services provided by the DOC during the pandemic.  (*Id*.)  Here, Plaintiff asks Defendant Harry to admit that his final appeal in the grievance had seventeen attachments.  Defendant Harry has admitted this information.  Nothing in the prompt asked about the subject of the grievance.  Therefore, the additional information that Defendant Harry relies upon as the basis for his partial denial is unnecessary.  The court will deny the motion to compel as to this evidence. Plaintiff has been provided his answer.

Next, Plaintiff seeks to compel evidence in response to Request for Admission, question sixteen, which asks Defendant Harry to admit that Plaintiff reported to the Legal Call/Phone Officer in building 15 for scheduled telephone conference with YWCA crisis counseling Anie Long on specific dates.  (Doc. 117,

17

p. 9.)  Defendant Harry objected to the request stating that it is overly broad and not proportional to the needs of the case because it seeks information that is not reasonably related to the claims presented.  (Doc. 117, p. 10.)  Plaintiff argues that this information is relevant because he is alleging that he only had contact with DOC employees and he is alleging that the DOC's failure to follow COVID-19 protocols resulted in him contracting COVID-19.  (Doc. 117, p. 18.)  Plaintiff does not reference legal calls in the operative pleading, except on September 22, 2021.  (Doc. 54, p. 22.)  Plaintiff has been provided a copy of that legal call notice.  (Doc. 122, p. 10.)  Therefore, the motion to compel will be denied as to this evidence.

Next, Plaintiff seeks to compel evidence in response to Request for Admission, question nineteen, which asks Defendant Harry to admit that SCI-Camp Hill's Administrative team did not provide housing unit staff direction or instructions authorizing them to permit inmates to view recorded religious services broadcast on the inmate channel on dayroom television sets during August 2021 and April 2022.  (Doc. 117, p. 9.)  Defendant Harry objected stating that the request is not proportional to the needs of the case because the pleadings did not allege that unit staff prevented Plaintiff from viewing the religious videos in the dayroom.  (Doc. 117, p. 10.)  Plaintiff again appears under the impression that the operative complaint includes an allegation that he was denied access to the religious videos in the dayroom.  (Doc. 117, pp. 18–19.)  However, the second

18

amended complaint contains no such allegation.  (Doc. 54.)  As such, the motion to compel will be denied.

Next, Plaintiff seeks to compel evidence in response to Request for Admission, question twenty-one, which asks Defendant Harry to admit that the Catholic-Protestant Chaplain staff did not make weekly rounds or regular rounds on the I/B block during August 2021 and January 2022.  (Doc. 117, p. 9.)  Defendant Harry denied this request for admission stating "[r]eligious advisor of various faiths conducted weekly rounds on the unvaccinated housing unit during this timeframe, subject to their health status and relative to COVID-19 and their availability."  (Doc. 117, p. 10.)  Plaintiff asserts that Defendant Harry did not address the substance of the request and asked that the court require him to admit or deny the statement.  (Doc. 117, p. 19.)  However, Defendant Harry denied the request for admission.  Therefore, this motion to compel will be denied as to this evidence.

Several of Plaintiff's requests in his motion to compel concerned duplicative requests and sought to inform Defendant Harry that he had misunderstood the question.  These are issues that are properly addressed with defense counsel prior to the filing of a motion to compel.  *See* Fed. R. Evid. 37(a)(1).

19

### C. Plaintiff's Third Motion to Compel Will Be Denied.

On April 14, 2026, the court received and docketed Plaintiff's third motion to compel.  (Doc. 120.)  Plaintiff requests the court compel a different answer from Defendant Nicklow concerning his second set of admissions.  In the second set of admissions, Plaintiff asks Defendant Nicklow to admit that nine documents are authentic and genuine copies of the originals.  (Doc. 120-2, pp. 1–4.)  Defendant Nicklow responded to each request for admissions with the following response:

> A request for admission is not the proper means to confirm this information, nor is it necessary to do so at this juncture in the proceedings.    Further, Answering Defendant is not the correct individual to whom this request should be directed, as he did not generate this document and is not the institution's records custodian.

(*Id.*)  In his motion to compel, Plaintiff alleges that authentication of documents is necessary to establish exhaustion of administrative remedies of the claims raised in the second amended complaint.  (Doc. 120, p. 2.)  Plaintiff states that Defendant Nicklow is an employee at SCI-Camp Hill and has direct access to these records to enable him to admit or deny the authenticity of the documents.  (*Id.*)

Defendant Nicklow states that he is no longer employed at SCI-Camp Hill and is not the appropriate individual to authenticate the documents.  (Doc. 123.)  Here, Defendant Nicklow's objection stating that a request for admission is not the proper means to confirm the information is not accurate.  Fed. R. Civ. P. 36(a)(1)(B) specifically states that the request for admission tool may be used to

establish "the genuineness of any described documents." However, if Defendant Nicklow does not have access to Plaintiff's file at SCI-Camp Hill, he cannot authenticate the documents as copies of the originals. As such, the motion to compel will be denied.

**D. Plaintiff's Fourth Motion to Compel Will Be Denied.**

On April 20, 2026, the court received and docketed Plaintiff's fourth motion to compel seeking to renew his motion to compel that was denied without prejudice on February 9, 2026. (Doc. 124.) On February 9, 2026, the court entered a memo and order denying Plaintiff's December 16, 2025 motion to compel. (Docs. 104, 105.) Specifically, the court had found that the December 16, 2025 motion to compel had not requested production of the documents addressed in paragraphs 6 through 26, but sought to have those responses stricken and the court determined that Plaintiff's intention was unclear and it need not take additional action as to those requests. (Doc. 104, p. 8.) The court's denial of the motion to compel was made "without prejudice as Plaintiff many renew his motion if he is unable to gather the grievances and medical records from the institution at which he is housed, or if he intends to seek the production of documents in paragraphs 6 through 26 and subsequent discovery requests do not prove fruitful." (Doc. 104, p. 8.)

Defendants have filed a response stating that they have provided all outstanding grievance documents Plaintiff has sought to date. (Doc. 127.) Furthermore, they noted that Plaintiff had not conferred with Defendants' counsel or renewed his requests prior to the filing the motion to compel. (Doc. 127, p. 6.) This troubles the court. Plaintiff appears to be using motions to compel as a means to clarify his requests or dispute the existence of evidence. Fed. R. Civ. P. 37(a)(1) requires a party to confer or attempt to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it prior to filing a motion to compel. Additionally, the court clearly instructed Plaintiff to renew his motion if he intended to seek production of the documents *and* subsequent discovery requests did not prove fruitful. This required Plaintiff to make further requests for production before renewing his motion to compel. This has not occurred.

Moreover, Plaintiff's renewed motion to compel appears to be a fishing expedition. Specifically, he requests all schedules for religious services for eight months at SCI-Camp Hill, the identities of all employees who worked on his block for eight months at SCI-Camp Hill, shift rosters of all DOC employees who worked on his block at SCI-Camp Hill for eight months, identity of all staff and volunteers who visited his block at SCI-Camp Hill for eight months, the identify of all unvaccinated inmates on his block for eight months, bed management reports for his block at SCI-Camp Hill for eight months, all information bulletins related to

22

COVID-19 mitigations protocols issued by staff at SCI-Camp Hill for eight months, and all COVID-19 contact tracing forms for eight months.  (Doc. 124.) Much of the requested information is addressed in the other motions to compel Plaintiff has filed with the court.  Considering Plaintiff has made no effort to confer with Defendant on these requests prior to renewing the motion, the court will deny the motion without prejudice, set a discovery conference for the parties to confer properly regarding the discovery disputes, and allow Plaintiff to renew his requests only after this discovery conference has been held and Plaintiff has made a genuine effort to settle these disputes.

### E.  Plaintiff's Fifth Motion to Compel Will Be Denied.

Plaintiff's fifth motion to compel appears to be another example of Plaintiff not conferring with defense counsel and using a motion to compel to challenge the general objections made at the beginning of the response despite Defendant Nicklow making specific responses to his requests, to challenge the response that supplemental information was forthcoming, to ask the court to compel production of documents not under Defendant Nicklow's control, and to seek production of records that Plaintiff has previously been told do not exist.  (Doc. 132.)  This motion to compel will be denied without prejudice.  Plaintiff will be ordered to attend a discovery conference with Defendants' counsel and participate in good faith.  Should any of the discovery disputes remain at issue following the discovery

23

conference, Plaintiff may only renew his motion to compel after certifying his good faith efforts to confer in writing. The court will not consider a blanket renewal of the motion, but will require a new motion making specific requests. Plaintiff will be precluded from asking for the production of evidence he has been told does not exist. He will also be precluded from using the motion to compel as a means to clarify his requests. Clarification of requests must be made during the discovery conference.

### F.  Plaintiff's Motion to Depose Inmates Will Be Denied.

On April 14, 2026, the court received and docketed Plaintiff's motion for leave to depose 21 inmates by written question. (Doc. 121.) There is no brief in support filed with this motion. However, Plaintiff attached sixteen form declarations from other inmates. (Doc. 121-1.)

The court notes that Plaintiff is proceeding *in forma pauperis*[5] and has not stated how he intends to cover the cost of 21 depositions by written question. *See Jacobs v. Heck*, 364 Fed. Appx. 744, 748 (3d Cir. 2010) ("Federal courts are not authorized to waive or pay witness fees for indigent litigants."); *Hill v. Lappin*, No. 3:11-CV-1609, 2020 WL 708927, at *3 (M.D. Pa. Feb. 12, 2020) (denying request for subpoenas because indigent prisoner had "not demonstrated that he has the means to pay all costs associated with a witness's appearance"); *see also Canady v.*

---

[5] Plaintiff was granted *in forma pauperis* status on June 14, 2023. (Doc. 7.)

*Kreider*, 892 F. Supp. 668, 670 (M.D. Pa. 1995) (finding no statutory provision authorizing a federal court to waive or finance the payment of witness fees required by 28 U.S.C. § 1821(a) and holding that "a litigant proceeding *in forma pauperis* is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1)").  Accordingly, courts will typically require plaintiffs to demonstrate that they have the ability to pay these fees and expenses prior to authorizing depositions.  Depositions by written question still require the use of a court reporter, which means Plaintiff will incur a cost.  Fed. R. Civ. P. 31(b).  Therefore, the court will deny Plaintiff's motion to depose inmates without prejudice.  Plaintiff may renew his motion and provide the required information concerning how he intends to cover the cost of the depositions.

### G. Plaintiff's Sixth and Seventh Motions Will Be Denied.

Plaintiff has filed two additional motions to compel and their briefs in support are not yet due.  (Docs. 135, 136.)  Considering Plaintiff's propensity to file motions to compel prior to conferring with defense counsel, the court will deny these motions without prejudice.  Plaintiff will participate in a discovery conference in good faith.  He is free to renew these motions should any discovery dispute remain following the conference.

## CONCLUSION

For the above-stated reasons, Plaintiff's motions will be denied.  The court will require the parties to participate in a discovery conference prior to the filing of any additional motion to compel.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 29, 2026