**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD GRAZIANO, | : | Civil No. 1:23-CV-00947 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a motion seeking a protective order filed by Defendants. (Doc. 146.) Because Defendants did not meet the necessary burden to establish hardship, the court cannot grant their request for an order protecting them from all further discovery requests from Plaintiff. However, the court considered past orders addressing Plaintiff's discovery conduct and concluded that precluding Plaintiff from duplicative requests for discovery and discovery pertaining to claims that are not included in the operative complaint was appropriate. Therefore, Defendants' motion will be granted, but only in part.

## BACKGROUND

Plaintiff, an inmate currently housed at the State Correctional Institution Benner ("SCI-Benner") in Bellefonte, Pennsylvania, initiated this action by filing a complaint under 42 U.S.C. § 1983 in February of 2024. (Doc. 1.) The parties are currently engaging in discovery. In the August 20, 2025 case management order,

the court directed Defendants to provide Plaintiff with "all incident reports, grievances, disciplinary reports, or other similar documents in its possession concerning the alleged incident or incidents and all medical records in its possession regarding Plaintiff that relate to the claims in the complaint" by September 19, 2025. (Doc. 80.) On September 17, 2025, Defendants' counsel filed a certificate of service stating they provided Plaintiff with grievances, inmate request forms, maintenance work order, documents regarding the COVID pandemic and procedures, and medical records. (Doc. 87.)

On December 16, 2025, the court received and docketed Plaintiff's motion to compel and brief in support. (Docs. 95, 96.) Following Defendants' response, the court entered an order denying the motion to compel. (Docs. 99, 104, 105.)

Following a status conference in March of 2026, the court entered an amended case management order extending the fact discovery deadline to July 31, 2026. (Doc. 113.) On March 31, 2026, Plaintiff filed his first motion to compel discovery challenging the responses provided by Defendant Cantando to Plaintiff's requests for admissions, requests for production, and interrogatories and seeking sanctions. (Doc. 116.) Defendants filed a brief in opposition to the motion to compel. (Doc. 119.)

On April 6, 2026, Plaintiff filed his second motion to compel challenging the responses provided by Defendant Harry to Plaintiff's requests for production,

interrogatories, and requests for admissions. (Doc. 117.) Defendants filed a brief in opposition to the motion to compel. (Doc. 122.)

On April 14, 2026, Plaintiff filed his third motion to compel challenging the responses of Defendant Nicklow to a request for admissions. (Doc. 120.)[1] Defendants filed a brief in opposition. (Doc. 123.)

Also, on April 14, 2026, Plaintiff filed a motion for leave to depose 21 inmates. (Doc. 121.)

On April 20, 2026, Plaintiff filed his fourth motion to compel renewing the motion to compel filed in December of 2025. (Doc. 124.) Plaintiff filed a brief in support of his motion on April 22, 2026. (Doc. 126.) Defendants filed a brief in opposition. (Doc. 127.)

On June 5, 2026, Plaintiff filed his fifth motion to compel discovery also challenging the responses by Defendant Nicklow in the second set of interrogatories. (Doc. 131.) Plaintiff filed a brief in support of his motion. (Doc. 132.) Defendants filed a brief in opposition to Plaintiff's motion on June 18, 2026. (Doc. 133.)

[1] For a third time, Plaintiff did not file a brief in support of his motion as required by Local Rule 7.6. However, since the motion contains his arguments, the court construes it as a motion and brief consolidated into a single document.

On June 24, 2026, the court received and docketed motions to compel discovery from Defendants Kendall and Ross Miller filed by Plaintiff. (Docs. 135, 136.)

On June 29, 2026, the court entered a memorandum and order denying all seven of Plaintiff's pending motions to compel and directing the parties to participate in a discovery conference by the end of July 2026. (Docs. 139, 140.) In doing so, the court noted that Plaintiff was using motions to compel as a means to clarify his discovery requests and was making repeated requests for the production of evidence on issues not raised in the complaint, specifically concerning the availability of religious videos on the television in the dayroom. (Doc. 139.)

The court held a status conference on June 29, 2026, and granted one final extension of discovery and discussed the need for a discovery conference by the end of July 2026. (Doc. 138.)

The parties filed certifications that a discovery conference was held on July 28, 2026, during which Plaintiff went through 45 issues he considered to be outstanding, including the outstanding requests for discovery on the availability of religious videos on the television in the dayroom. (Docs. 145, 148.) Plaintiff then proceeded to file two additional discovery requests seeking evidence from

Defendant Erin Miller, which again include the request for production of evidence concerning the dayroom television. (Docs. 141, 144.)

On July 30, 2026, Defendants filed a motion for a protective order and a brief in support. (Docs. 146, 147.) Plaintiff then filed a brief in opposition to Defendants' motion for a protective order. (Doc. 151.) Plaintiff then filed a request for admission directed to all Defendants on August 28, 2026. (Doc. 152.)

The court will now address Defendants' motion for a protective order.

## DISCUSSION

### A. Defendants' Motion Will be Granted In Part.

Defendants are seeking a protection order to prevent Plaintiff from filing additional discovery requests and relieving them of the requirement to respond to pending requests. (Doc. 147.) Essentially, Defendants are seeking the termination of discovery. In support of their motion, Defendants state that Plaintiff has filed over 400 requests for discovery and several of the requests are duplicative and result in a needless expenditure of resources. (*Id.*)

To obtain a protective order, the party seeking the protective order bears the burden of showing good cause. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987); *Trans Pac. Ins. Co. v. Trans-Pac. Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991). There must be a showing of "particular need." *Cipollone*, 785 F.2d at

1121. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). The burden is not met by "the recitation of expense and burdensomeness [which are] merely conclusory" statements. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

"Good cause" is defined as a "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Arnold v. Pennsylvania, Dep't of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). It is established based on "balancing a number of considerations[,]" *Arnold*, 477 F.3d at 108 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)), including, but not limited to: "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Arnold*, 477 F.3d at 108 (citations omitted).

Here, Defendants' brief in support essentially relies on expense and burden based on the number of discovery requests Plaintiff has submitted. Nothing in the briefing addresses good cause. (Doc. 147.) Therefore, Defendants do not meet the relevant standard.

However, the court notes that Plaintiff's brief in opposition misstates the court's previous order by asserting that the court indicated that he could modify or clarify his discovery requests through further discovery requests and by participating in a status conference. (Doc. 151.) In fact, the court directed Plaintiff to confer with Defendants to clarify requests, not to burden them with repeated discovery requests that have already been addressed. (Doc. 139.) The court has already denied Plaintiff's attempts to compel duplicative requests for discovery and requests for evidence related to the videos available on the dayroom television because there were no allegations that Plaintiff was precluded from the dayroom in his second amended complaint. (Doc. 139.) The court recognizes that Plaintiff is struggling with discovery as indicated by his motion for appointment of counsel and feels as though Defendants are being uncooperative. (Doc. 150.) However, attorneys have a duty of candor to the court and the court cannot order the production of evidence that does not exist. (Doc. 139.) Repeated requests for the production of documents that do not exist are futile and result in frustration and delay. Thus, the court will enter a protective order preventing Plaintiff from

requesting discovery that he has already requested and from requesting discovery on claims not raised in the operative complaint, including but not limited to, the ongoing dispute about the television in the dayroom. Defendants will not be required to respond to pending or future discovery requests that are duplicative or that concern the dayroom television.

## CONCLUSION

For the above-stated reasons, Defendants' motion for a protective order will be granted in part. While Defendants did not meet their burden to allow the court to enjoin Plaintiff from *all* further discovery requests, the court will preclude Plaintiff from making duplicative requests and requests concerning issues not raised in the operative complaint.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 21, 2026