**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD GRAZIANO,<br><br>Plaintiff,<br><br>v.<br><br>JOHN WETZEL, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 1:23-CV-00947<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a motion to compel, a motion for leave to exceed page limitations for the brief in support of the motion to compel, a motion to amend the filing date of the motion to compel, and a motion for leave to file *nunc pro tunc* permissive joiner filed by Edward Graziano ("Plaintiff"). (Docs. 157, 158, 159, 160.) Plaintiff is again unsatisfied with Defendants' responses to discovery and is inundating them with duplicative requests. The court has repeatedly cautioned Plaintiff against such tactics and issued a protective order to prevent further discovery conduct like this. As such, Plaintiff's motion to compel will be denied. Additionally, Plaintiff is now attempting to add plaintiffs to this action. His attempts are unsupported and appear to be untimely. The court will deem Plaintiff's motion withdrawn for failure to file a brief in support.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an inmate currently housed at the State Correctional Institution Benner ("SCI-Benner") in Bellefonte, Pennsylvania, initiated this action by filing a complaint under 42 U.S.C. § 1983 in February of 2024. (Doc. 1.) The parties are currently engaging in discovery. On June 29, 2026, the court entered an order denying seven pending motions to compel filed by Plaintiff and a motion to depose inmates and requiring the parties to participate in a discovery conference by July 31, 2026. (Doc. 140.) Of those seven motions to compel, four were denied without prejudice to requests being renewed following a discovery conference. (Doc. 140.)

The court held a status conference on June 29, 2026, and granted one final extension of discovery and discussed the need for a discovery conference by the end of July 2026. (Doc. 138.)

The parties filed certifications that a discovery conference was held on July 28, 2026, during which Plaintiff went through 45 issues he considered to be outstanding, including the outstanding requests for discovery on the availability of religious videos on the television in the dayroom. (Docs. 145, 148.) Plaintiff then proceeded to file two additional discovery requests seeking evidence from Defendant Erin Miller, which again included the request for production of evidence concerning the dayroom television. (Docs. 141, 144.)

On July 30, 2026, Defendants filed a motion for a protective order and a brief in support. (Docs. 146, 147.)

On September 21, 2026, the court held another status conference and issued two separate orders. First, the court entered a memorandum and order granting Defendants' protective order in part. (Docs. 153, 154.) Specifically, the court precluded Plaintiff "from making further discovery requests that are duplicative of his previous discovery requests," "from making further discovery requests concerning any claims not raised in the operative complaint," and "from requesting discovery concerning the use of the dayroom television for religious services." (Doc. 154.) The court conditionally granted Plaintiff's motion for appointment of counsel and stayed the proceedings pending pro bono counsel being located. (Doc. 155.)

On that same day, the court received and docketed a new motion to compel from Plaintiff requesting to reinstate the motions to compel that the court denied without prejudice on June 29, 2026. (Doc. 157, p. 2.)[1] Plaintiff also filed a motion seeking leave to exceed the brief page limit in support of his motion, with a proposed brief in support spanning 36 pages. (Docs. 158, 158-1.) This motion was received and docketed on September 23, 2026. Next, Plaintiff filed a motion asking the court to amend the filing dates on the CM/ECF docket for his prior two

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

motions in an attempt to ensure the motions were deemed filed prior to the protective order. (Doc. 159.)

On October 6, 2026, the court received and docketed Plaintiff's motion for leave to file *nunc pro tunc* permissive joinder to add Shawnquinn Cruz and Michael Fletch as plaintiffs in this action. (Doc. 160.)

On October 30, 2026, the Pro Bono Committee filed a Placement Status Report stating that no counsel had been located for Plaintiff. (Doc. 161.) ON November 3, 2026, the court vacated the order conditionally appointing counsel and lifting the stay in this case. (Doc. 162.) Therefore, the court will now address the motions it received and docketed during the stay.

## Discussion

### A. Plaintiff's Motion to Amend the Filing Dates on CM/ECF Will Be Denied.

Plaintiff is asking the court to amend the filing dates on CM/ECF to the dates he states the motions were placed in the prison's mailbox and not the date the documents were received by the court. (Doc. 159.) Plaintiff's ultimate goal is undoubtedly to ensure that his motion to compel is deemed filed prior to the protective order. The court is well aware of the prisoner mailbox rule, so amending the filing date on the docket is not necessary. *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that "[t]he federal 'prisoner mailboxrule' provides that a document is deemed filed on the date it is given to

prison officials for mailing (citing *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)). Therefore, the motion will be denied.

**B. Plaintiff's Motion to Compel Will Be Denied.**

Plaintiff seeks to renew the motions to compel that the court previously denied without prejudice and cites to Docs. 116, 117, 120, 121, 124, 131, 135, and 136. (Doc. 157, p. 1.) Plaintiff has requested the court allow him to file a brief in support of his motion to compel that exceeds the court's page limitations. (Doc. 158.) The court will grant Plaintiff's motion to file a brief with excess pages and will consider the proposed brief in support, Doc. 158-1, in addressing the pending motion to compel.

Plaintiff's motion to compel seeks to renew all the motions to compel addressed by the court's June 29, 2026 order and to compel Defendants to respond to the additional discovery requests sent following the June 29, 2026 status conference. (Doc. 158.)

**1. Renewed Motions to Compel**

Previously, the court considered and denied Plaintiff's previous motions to compel found at Docs. 116, 117, and 120 and the court denied Plaintiff's motions to compel found at Docs. 124, 131, 135, and 136 without prejudice with leave to renew following a discovery status conference. (Doc. 140.) Plaintiff's motion at Doc. 121 is a motion for leave to depose inmates, and not a motion to compel.

Plaintiff's current motion to compel and brief in support shows that Plaintiff has failed to review the court's memorandum and order addressing the seven motions to compel and the motion to depose inmates. (Docs. 157, 158-1.) Plaintiff was given specific instructions concerning his motions to compel and his motion to depose inmates. (Docs. 139, 140.) Plaintiff's current motion to renew the seven motions to compel and the motion to depose inmates does not remedy the issues the court addressed in its June 29, 2026 memorandum. (Doc. 139.) Plaintiff has been instructed that the court cannot compel the production of documents that do not exist or are not in the possession, custody, or control of the party. (Doc. 139.) Despite this, he seeks to simply renew his requests that were already denied without presenting new information or argument. Two of the motions to compel were not properly briefed, and Plaintiff offers no additional briefing in their support. Instead, Plaintiff only asks that they be renewed. Plaintiff was instructed that he is required to state his means to cover the cost of the depositions, but he fails to address his financial ability. Because Plaintiff seeks a blanket renewal of these motions with no attempt to remedy the court's articulated reasons for their initial denials, his motion will be denied.

**2. Additional Discovery Requests**

Plaintiff states that at the discovery conference, he presented Defense Counsel with a letter containing 30 interrogatories each directed at each Defendant

and defense counsel denied each one, so he then sent these interrogatories to Defendants as new discovery requests. (Doc. 158-1.) Fed. R. Civ. P. 33 limits a party to serving no more than 25 written interrogatories, including all discrete subparts, on any other party. Plaintiff's newest discovery request presented at the discovery conference is inconsistent with this rule.

Plaintiff also included 19 requests for production and 11 requests for admission, several of which have already been addressed by the court in resolving his previous motions to compel. (Doc. 158-4.) Again, Plaintiff is burdening the Defendants with repetitive discovery requests, and his motion to compel will be denied.

Plaintiff also asks the court to compel Defendants to respond to multiple other discovery requests sent in July of 2026. (Doc. 158-1.) While Plaintiff attaches a copy of the additional discovery requests, the court is without Defendants' responses. Therefore, it cannot address any potential discovery dispute at this time, as the purported dispute is not explained. Plaintiff appears to be attempting to circumvent the protective order by asking the court to order responses to these discovery requests before any response has been provided. Defendants will need to respond to Plaintiff's new discovery requests, but can respond in accord with the court's protective order.

In sum, Plaintiff is burdening Defendants with repetitive discovery requests. This serves no purpose beyond delaying resolution of this case and wasting resources. Plaintiff is precluded from filing other motions to compel without a certification that he conferred with Defense Counsel on the outstanding discovery in good faith. Should Plaintiff continue to propound duplicative discovery requests, Defendants may file a motion to dismiss this action based on Plaintiff's abusive discovery practices. Further, there will be no additional extensions to the discovery deadline of December 31, 2026.

**C. Plaintiff's Motion for Leave to File *Nunc Pro Tunc* Permissive Joinder Petitions Will Be Deemed Withdrawn.**

In October of 2026, Plaintiff filed a motion to join plaintiffs to this action *nunc pro tunc* after learning at the September 21, 2026 status conference that his attempts to do so in July of 2026 were not received by the court. (Doc. 160.) This motion is not supported by a brief in support. Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Without a brief in support of the motion, the court has insufficient information to determine whether it is appropriate to grant or deny the motion at this time. Therefore, the motion will be deemed withdrawn.

Furthermore, the court notes based on the little information associated with the motion that the deadline to file motions to join parties or amend the complaint expired on December 31, 2025, Doc. 80, and these two petitions are dated July 1, 2026 and July 6, 2026. (Doc. 160-2.) Therefore, these attempts to add parties and potentially amend the complaint are likely untimely in any event.

## CONCLUSION

For the above-stated reasons, Plaintiff's motion to compel will be denied and his motion for leave to file *nunc pro tunc* permissive joinder petitions will be deemed withdrawn. The court will not allow Plaintiff to amend the dates the documents were filed on CM/ECF. For the remainder of the discovery period, which will expire on December 31, 2026, Plaintiff will conform with the terms of the protective order issued on September 21, 2026. Defendants may rely on this same protective order in their responses to any outstanding discovery regardless of its mailing date.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 4, 2026